**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60556
Summary Calendar

THE STATE LIFE INSURANCE COMPANY,

Plaintiff-Appellee,

versus

FRANK A. O'BRIEN,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:94-CV-196)

January 28, 1997

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

Frank A. O'Brien appeals a declaratory judgment voiding a disability income

insurance policy. We affirm.

Background

---

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

O'Brien applied for a disability income insurance policy with State Life on May 2, 1992. The application was submitted through Homer Parker, an independent agent not affiliated with State Life. O'Brien admitted that he had a disability income policy with Woodmen of the World Life Insurance Company and that he had applied for life insurance. He did not inform State Life that he had also applied for disability coverage from Life USA. Both O'Brien and Parker signed the application warranting that all statements contained therein were true and correct.

State Life retained Systematic Business Services, Inc. to perform a follow-up telephone interview with O'Brien. In this interview, O'Brien stated that he was going to cancel his Woodmen of the World policy and replace it with the State Life policy and that he had not applied for and had no intention of applying for other disability coverage. Based upon the information in O'Brien's application and the follow-up interview State Life issued O'Brien a policy providing $2250 in monthly disability income benefits.

O'Brien made a claim on the State Life Policy on April 26, 1993, alleging disability resulting from a fall at the Walmart store in Natchez, Mississippi. The claim form required that O'Brien name all hospital and disability insurance in effect. O'Brien did not reveal that he had disability coverage from policies issued

by Life USA and Business Men's Assurance Company, nor that he had actually increased his coverage under the Woodmen of the World policy from $1800 to $3700 per month. As a result of these combined policies O'Brien enjoyed total disability income benefits in the amount of $10,450 per month, an amount greatly exceeding his prior income and concomitant insurability.

When State Life discovered the actual amount of disability coverage O'Brien had in force it brought this action, seeking a declaration that O'Brien's failure to disclose his additional coverage rendered its policy null and void. After a bench trial the district court entered judgment in favor of State Life. The district court found that State Life had proven that O'Brien, with the assistance of Parker and another insurance agent, had perpetrated a fraudulent scheme to overinsure himself significantly. In addition, the district court found that because Parker had acted in collusion with O'Brien, the insurance company was not bound by the agent's knowledge of O'Brien's other policies and therefore not estopped from denying coverage. O'Brien timely appeals.

Analysis

On appeal O'Brien challenges the legal and factual correctness of the district court's decision that Parker's knowledge may not be imputed to State Life. We review the district court's factual findings for clear error and its conclusions of law

3

*de novo*.[1]  Because the Mississippi Supreme Court has not specifically decided whether an insurer is bound by the knowledge of a selling agent where that knowledge is intentionally withheld out of fraudulent motive, the district court made an "**Erie** guess" as to what legal rule the Mississippi Supreme Court would fashion in this case.

The general rule in Mississippi is that an insurer is bound by the knowledge of its selling agent.[2]  In **Preferred Life Assurance Society v. Thompson**,[3] however, the Mississippi Supreme Court held that when the insurer's agent, in collusion with the insured, knowingly provides the insurer with false information, this general rule does not apply.  The district court, while conceding factual distinctions between **Preferred Life** and the case at bar, nonetheless held that the Mississippi Supreme Court would rule that, given the collusive relationship between Parker and O'Brien, State Life is not bound by Parker's knowledge.  Considering the relevant Mississippi jurisprudence, and in particular those cases cited in brief, we perceive no error in the district court's ruling.

O'Brien also challenges the district court's finding that Parker and O'Brien

---

[1]**Palma v. Verex Assurance, Inc.**, 79 F.3d 1453 (5th Cir. 1996).

[2]**Andrew Jackson Life Ins. Co. v. Williams**, 566 So.2d 1172 (Miss. 1990).

[3] 155 So. 188 (Miss. 1934).

4

acted in concert to defraud State Life. The record reveals that Parker, who contacted State Life on behalf of O'Brien, had neither before nor since written a policy with State Life. Parker was the procuring agent for both the State Life and Life USA policies, yet he mentioned to neither company the existence of the other policy. Parker, in separate conversations with representatives of Life USA, repeated certain misrepresentations made by O'Brien during his follow-up interview with State Life. Parker testified that he knew O'Brien was overinsuring himself and that if the true extent of O'Brien's disability coverage was admitted State Life would not write his policy. Given this record, we can only conclude that the district court's factual findings were not clearly erroneous.

AFFIRMED.